Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DIANA CAROLINA SALAMANCA, WILFREDO
GUTIERREZ, and LUIS GUADARRAMA, individually,
and on behalf of all others similarly situated,

                                          Plaintiffs,

    -against-

SWEET COFFEE BAKERY, INC., PARISCIEN BAKERY,
CORP., PARISCIEN BAKERY #2, CORP., and ROMIRO
MOSQUERA, JONY MOSQUERA, and MICHELLE
MOSQUERA, as individuals,

                                          Defendants.
---------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiffs, **DIANA CAROLINA SALAMANCA, WILFREDO GUTIERREZ**, and **LUIS GUADARRAMA, individually, and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by and through their attorneys, Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, **DIANA CAROLINA SALAMANCA, WILFREDO GUTIERREZ**, and **LUIS GUADARRAMA, individually, and on behalf of all others similarly situated**, through undersigned counsel, bring this action against Defendants **SWEET COFFEE BAKERY, INC., PARISCIEN BAKERY, CORP.,** and **PARISCIEN BAKERY #2, CORP.** (hereinafter, "Corporate Defendants"), and **ROMIRO MOSQUERA**, and **JONY MOSQUERA**, and **MICHELLE MOSQUERA, as individuals,** (hereinafter, "Mosquera Defendants") (collectively,

1

the "Defendants"), to recover damages for egregious violations of the State and Federal wage and hour laws arising out of the Plaintiffs' employment with the Defendants.

2. As a result of the violations of Federal and New York State labor laws delineated below, the Plaintiffs seek compensatory damages, and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seeks interest, attorneys' fees, costs, and all other legal, and equitable remedies that this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff DIANA CAROLINA SALAMANCA, residing at 297 Wyckoff Avenue, Brooklyn, NY 11237, was employed by the Defendants to work as a counter person at Defendant SWEET COFFEE BAKERY, INC. located at 297 Wyckoff Avenue, Brooklyn, New York, 11237, from in or around January 2015 until in or around July 2020.

8. Plaintiff WILFREDO GUTIERREZ residing at 283 Autumn Avenue, Brooklyn, New York 11208, was employed by Defendants to work as a cook and a baker at Defendant SWEET COFFEE BAKERY, INC., from in or around December 2015 until in or around July 2020.

9. Plaintiff LUIS GUADARRAMA residing at 21-15 Seneca Road, Wilmington, Delaware 19805, was employed by the Defendants to work as a waiter, cleaner, and cook, at Defendant SWEET COFFEE BAKERY, INC. located at 297 Wyckoff Avenue, Brooklyn, New York, 11237, from in or around August 2014 until in or around February 2020.

10. Upon information and belief, Defendant SWEET COFFEE BAKERY, INC. is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 297 Wyckoff Avenue, Brooklyn, New York, 11237.

11. Upon information and belief, Defendant PARISCIEN BAKERY, CORP. is a domestic business corporation organized under the laws of the State of New York with a principle executive office located at 99-21 Northern Blvd Corona, New York, 11368.

12. Upon information and belief, Defendant PARISCIEN BAKERY #2, CORP. is a domestic business corporation organized under the laws of the State of New York with a principle executive office located at 48-23 4th Avenue, Brooklyn, New York, 11220.

13. Upon information and belief, the Mosquera Defendants, collectively and individually, are the chief executive officers of Defendant SWEET COFFEE BAKERY, INC., and own, operate, and/or run its affairs from a principle executive office located at 297 Wyckoff Avenue, Brooklyn, New York, 11237.

14. Upon information and belief, the Mosquera Defendants, collectively and individually, are the chief executive officers of Defendant PARISCIEN BAKERY, CORP., and own, operate, and/or run its affairs from a principle executive office located at 99-21 Northern Blvd Corona, New York, 11368.

15. Upon information and belief, the Mosquera Defendants, collectively and individually, are the chief executive officers of Defendant PARISCIEN BAKERY #2, CORP., and own, operate, and/or run its affairs from a principle executive office located at 48-23 4th Avenue, Brooklyn, New York, 11220.

16. The Mosquera Defendants, collectively and individually, have power over the personnel decisions of the Corporate Defendants.

17. The Mosquera Defendants, collectively and individually, have power over the payroll decisions of the Corporate Defendants.

18. The Mosquera Defendants, collectively and individually, have the power to hire and fire employees of the Corporate Defendants.

19. The Mosquera Defendants, collectively and individually, have the power to establish and pay the wages of the employees of the Corporate Defendants, set their work schedule(s), and maintain their employee employment records.

20. During all relevant times herein, the Corporate Defendants were the Plaintiffs' employer within the meanings of the FLSA and NYLL.

21. During all relevant times herein, Defendant RAMIRO MOSQUERA was the Plaintiffs' employer within the meaning of the FLSA and NYLL.

22. During all relevant times herein, Defendant JONY MOSQUERA was the Plaintiffs' employer within the meaning of the FLSA and NYLL.

23. During all relevant times herein, Defendant MICHELLE MOSQUERA was the Plaintiffs' employer within the meaning of the FLSA and NYLL.

24. On information and belief, the Corporate Defendant entities are, at present, and have been at all times relevant to the allegation contained in the complaint, enterprises engaged in interstate commerce within the meaning of the FLSA in that the entities: (i) hire two or more employees at all times hereto; (ii) have employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person; and (iii) have had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

### DIANA CAROLINA SALAMANCA

25. Plaintiff DIANA CAROLINA SALAMANCA was employed by Defendants to work as a counter person from in or around January 2015 until in or around July 2020.

26. Throughout the course of her employment with the Defendants, Plaintiff DIANA CAROLINA SALAMANCA's primary job duties consisted of, among other things, working as a counterperson, conducting sales and transactions, and performing other miscellaneous duties related to the sale of Defendants' goods.

27. Upon information and belief, Plaintiff DIANA CAROLINA SALAMANCA worked for Defendants approximately forty-eight (48) hours per week or more, from in or around January 2015 until in or around January 2017; and approximately seventy-two (72) hours per week or more from in or around January 2017 until in or around July 2020.

28. Although Plaintiff DIANA CAROLINA SALAMANCA worked approximately forty-eight (48) hours or more per week for Defendants from in or around January 2015 until in or around January 2017, Defendants did not pay Plaintiff at time and a half rate (1.5) for hours

Plaintiff worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

29. Although Plaintiff DIANA CAROLINA SALAMANCA worked approximately seventy-two (72) hours or more per week for Defendants from in or around January 2017 until in or around July 2020, Defendants did not pay Plaintiff at time and a half rate (1.5) for hours Plaintiff worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

30. Upon information and belief, Defendants did not permit Plaintiff DIANA CAROLINA SALAMANCA to take a lunch/meal break during her shift, regardless of her hours worked.

31. Upon information and belief, Plaintiff DIANA CAROLINA SALAMANCA was paid by Defendants:

    i. In or around 2015, approximately $8.75 per hour;
    ii. In or around 2016, approximately $8.75 per hour;
    iii. In or around 2017, approximately $8.75 per hour;
    iv. In or around 2018, approximately $9.25 per hour;
    v. In or around 2019, approximately $9.25 per hour; and
    vi. In or around 2020, approximately $11.00 per hour.

32. Therefore, Defendants failed to pay Plaintiff DIANA CAROLINA SALAMANCA the legally prescribed minimum wage for her hours worked from in or around January 2017 until in or around July 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

33. Furthermore, although Plaintiff DIANA CAROLINA SALAMANCA worked for Defendants approximately twelve (12) or more hours per day, six (6) day per week, from in or around January 2017 until in or around July 2020, Defendants did not pay Plaintiff an extra hour of pay at the legally prescribed minimum wage, for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

### **WILFREDO GUTIERREZ**

34. Plaintiff WILFREDO GUTIERREZ was employed by the Defendants to work as a cook and a baker from in or around December 2015 until in or around July 2020.

35. Throughout the course of his employment with the Defendants, Plaintiff WILFREDO GUTIERREZ's primary job duties consisted of the cooking, baking, warming and preparing of Defendant's goods for sale, interacting with customers, and performing other miscellaneous duties related to the preparation of Defendants' goods.

36. Upon information and belief, Plaintiff WILFREDO GUTIERREZ worked approximately forty-eight (48) hours or more hours per week for Defendants from in or around December 2015 until January 2016; and approximately eighty-four (84) hours or more hours per week for Defendants from in or around January 2016 until in or around July 2020.

37. Although Plaintiff WILFREDO GUTIERREZ worked approximately forty-eight (48) hours or more hours per week for Defendants from in or around December 2015 until January 2016, Defendants did not pay Plaintiff at a time and a half rate (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

38. Although Plaintiff WILFREDO GUTIERREZ worked approximately eighty-four (84) or more hours per week while employed by Defendants from in or around January 2016 until in or around July 2020, Defendants did not pay Plaintiff at a time and a half rate (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

39. Upon information and belief, Defendants did not permit Plaintiff WILFREDO GUTIERREZ to take a lunch/meal break during his shift regardless of his hours worked that day.

40. Upon information and belief, Plaintiff WILFREDO GUTIERREZ was paid by the Defendants:

    i. In and around December 2015, approximately $10.00 per hour;
    ii. In or around 2016, approximately $11.00 per hour;
    iii. In or around 2017, approximately $13.00 per hour;
    iv. In or around 2018, approximately $14.00 per hour;
    v. In or around 2019, approximately $16.00 per hour; and
    vi. In or around 2020, approximately $16.00 per hour.

41. Furthermore, although Plaintiff WILFREDO GUTIERREZ worked for the Defendants approximately fourteen (14) or more hours per day, six (6) day per week, from in or around January 2016 until in or around July 2020, Defendants did not pay Plaintiff WILFREDO

GUTIERREZ an extra hour of pay at the legally prescribed minimum wage, for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

### LUIS GUADARRAMA

42. Plaintiff LUIS GUADARRAMA was employed by Defendants to work as a waiter, cleaner, and cook, from in or around August 2014 to in or around February 2020.

43. Throughout the course of his employment with the Defendants, Plaintiff LUIS GUADARRAMA's primary job duties consisted of cooking, baking, and preparing Defendant's goods for sale, taking orders, cleaning the restaurant and performing other miscellaneous duties related to the preparation and sale of Defendants' goods to its customers.

44. Upon information and belief, Plaintiff LUIS GUADARRAMA worked approximately forty-nine (49) or more hours per week for Defendants throughout the course of his employment with Defendants.

45. Although Plaintiff LUIS GUADARRAMA worked forty-nine (49) or more hours per week while employed with Defendants, Defendants did not pay Plaintiff LUIS GUADARRAMA at a time and a half rate (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

46. Upon information and belief, Defendants did not permit Plaintiff LUIS GUADARRAMA to take a lunch/meal break during his shift regardless of his hours worked that day.

47. Upon information and belief, Plaintiff LUIS GUADARRAMA was paid by Defendants:

    i. In or around 2014, approximately $10.00 per hour;
    ii. In or around 2015, approximately $13.00 per hour;
    iii. In or around 2016, approximately $14.00 per hour;
    iv. In or around 2017, approximately $15.00 per hour;
    v. In or around 2018, approximately $15.00 per hour;
    vi. In or around 2019, approximately $15.00 per hour; and
    vii. In or around 2020, approximately $16.00 per hour.

48. Furthermore, upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL, and the FLSA.

49. Upon information and belief, Defendants willfully failed to keep contemporaneous and accurate payroll and wage records for the Defendants' employees, as required by both NYLL, and the FLSA.

50. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $10,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiffs bring this action on behalf of themselves and other employees similarly situated, as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

52. Collective Class: All persons who are or have been employed by SWEET COFFEE BAKERY, INC., PARISCIEN BAKERY, CORP., and/or PARISCIEN BAKERY #2, CORP., as a cook, baker, salesperson, counter person, stocker, cleaner, waiter, dishwasher, cashier, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of job function(s) for any of the Defendants other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation, minimum wage compensation and/or spread of hours wage compensation.

53. Upon information and belief, the Defendants employed at least 25 employees at SWEET COFFEE BAKERY, INC., PARISCIEN BAKERY, CORP., and/or PARISCIEN BAKERY #2, CORP. within the relevant time period who were subjected to similar payment structures or were not paid at the legally prescribed minimum wage.

54. The Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty (40) hours per week without appropriate overtime compensation.

55. The Defendants' unlawful conduct has been widespread, repeated, and consistent.

56. The Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

57. The Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs, and the Collective Class.

58. The Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class.

59. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through the Defendants' records.

60. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

61. The claims of Plaintiffs are typical of the claims of the putative class.

62. Plaintiffs and counsel will fairly and adequately protect the interests of the putative class.

63. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

### FIRST CAUSE OF ACTION
**Overtime Wages Under The Fair Labor Standards Act**

64. Plaintiffs re-allege, repeat, and incorporate by reference all allegations contained within in all preceding paragraphs as if more fully set forth herein.

65. Plaintiffs have consented in writing to be named as parties to this action pursuant to 29 U.S.C. §216(b).

66. At all times relevant to this action, Plaintiffs engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

67. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

68. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §206(a) in violation of 29 U.S.C. §207(a)(1).

69. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of Plaintiffs.

70. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically, 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

71. Plaintiffs re-allege, repeat, and incorporate by reference all allegations contained within in all preceding paragraphs as if more fully set forth herein.

72. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

73. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

74. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, unpaid overtime wages, and an amount equal to unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

75. Plaintiffs re-allege, repeat, and incorporate by reference all allegations contained within in all preceding paragraphs as if more fully set forth herein.

76. Plaintiffs have consented in writing to being parties to this action, pursuant to 29 U.S.C. §216(b).

77. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

78. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

79. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

80. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

81. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

82. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

83. Plaintiffs re-allege, repeat, and incorporate by reference all allegations contained within in all preceding paragraphs as if more fully set forth herein.

84. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

85. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

86. Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

87. Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N.Y.C.R.R. 137-1.3.

88. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, unpaid minimum wages and an amount equal to their unpaid

minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

### FIFTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

89. Plaintiffs re-allege, repeat, and incorporate by reference all allegations contained within in all preceding paragraphs as if more fully set forth herein.

90. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

91. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

### SIXTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

92. Plaintiffs re-allege, repeat, and incorporate by reference all allegations contained within in all preceding paragraphs as if more fully set forth herein.

93. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (if their primary language), of Plaintiffs' rate of pay, regular pay day, and such other information as required by NYLL §195(1).

94. Defendants are liable to Plaintiffs in the amount of $5,000.00 each, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

95. Plaintiffs re-allege, repeat, and incorporate by reference all allegations contained within in all preceding paragraphs as if more fully set forth herein.

96. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

97. Defendants are liable to Plaintiffs in the amount of $5,000.00, each, together with costs, and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs unpaid overtime wages;
c. Awarding Plaintiffs spread of hours;
d. Awarding Plaintiffs unpaid minimum wages;
e. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
f. Awarding Plaintiffs prejudgment and post-judgment interest;
g. Awarding Plaintiffs the costs of this action, together with reasonable attorneys' fees; and
h. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 22nd day of December, 2020.

_____
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, P.C.
Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DIANA CAROLINA SALAMANCA, WILFREDO GUTIERREZ, and LUIS GUADARRAMA, individually and on behalf of all others similarly situated,

          Plaintiffs,

 -against-

SWEET COFFEE BAKERY, INC., PARISCIEN BAKERY, CORP., PARISCIEN BAKERY #2, CORP., and ROMIRO MOSQUERA, individually, JONY MOSQUERA, individually, and MICHELLE MOSQUERA, individually

          Defendants.

## SUMMONS & COLLECTIVE ACTION COMPLAINT

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO**:

**SWEET COFFEE BAKERY, INC.**
297 WYCKOFF AVENUE
BROOKLYN, NEW YORK, 11237

**PARISCIEN BAKERY, CORP.**
99-21 NORTHERN BOULEVARD
CORONA, NEW YORK, 11368

**PARISCIEN BAKERY #2, CORP.**
48-23 4TH AVENUE
BROOKLYN, NEW YORK, 11220

**ROMIRO MOSQUERA**
48-23 4TH AVENUE
BROOKLYN, NEW YORK, 11220

**JONY MOSQUERA**
48-23 4TH AVENUE
BROOKLYN, NEW YORK, 11220

**MICHELLE MOSQUERA**
48-23 4TH AVENUE
BROOKLYN, NEW YORK, 11220

14