UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DIANA CAROLINA SALAMANCA, WILFREDO GUTIERREZ, and LUIS GUADARRAMA, individually, and on behalf of all other persons similarly situated,

                                  Plaintiffs,

      -against-

SWEET COFFEE BAKERY, INC., PARISCIEN BAKERY, CORP., PARISCIEN BAKERY #2, CORP., and ROMIRO MOSQUERA, JONY MOSQUERA, and MICHELLE MOSQUERO, as individuals,

                                  Defendants.
------------------------------------------------------------------X

Case No.: 1:20-cv-6223 (BMC)

**ANSWER**

Defendants Sweet Coffee Bakery, Inc., Pariscien Bakery, Corp., Pariscien Bakery #2, Corp., Romiro Mosquera, Jony Mosquera, and Michelle Mosquero, by and through their attorneys, Shalom Law, PLLC, hereby submit this Answer to the Complaint of Diana Carolina Salamanca, Wilfredo Gutierrez, and Luis Guadarrama, (collectively hereinafter "Plaintiffs") as follows:

## AS TO "PRELIMINARY STATEMENT"

1. Defendants deny the truth of the allegations contained in ¶ 1 of the Complaint.

2. Defendants deny the truth of the allegations contained in ¶ 2 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

3. ¶ 3 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 3 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

4. ¶ 4 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 4 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

5. ¶ 5 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 5 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

6. ¶ 6 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 6 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## AS TO "THE PARTIES"

7. Defendants deny the truth of the allegations contained in ¶ 7 of the Complaint.

8. Defendants deny the truth of the allegations contained in ¶ 8 of the Complaint.

9. Defendants deny the truth of the allegations contained in ¶ 9 of the Complaint.

10. Defendants admit the truth of the allegations contained in ¶ 10 of the Complaint.

11. Defendants admit the truth of the allegations contained in ¶ 11 of the Complaint.

12. Defendants admit the truth of the allegations contained in ¶ 12 of the Complaint.

13. Defendants deny the truth of the allegations contained in ¶ 13 of the Complaint.

14. Defendants deny the truth of the allegations contained in ¶ 14 of the Complaint.

15. Defendants deny the truth of the allegations contained in ¶ 15 of the Complaint.

16. Defendants deny the truth of the allegations contained in ¶ 16 of the Complaint.

17. Defendants deny the truth of the allegations contained in ¶ 17 of the Complaint.

18. Defendants deny the truth of the allegations contained in ¶ 18 of the Complaint.

19. Defendants deny the truth of the allegations contained in ¶ 19 of the Complaint.

20. ¶ 20 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 20 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

21.     ¶ 21 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 21 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

22.     ¶ 22of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 22 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

23.     ¶ 23 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 23 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

24.     Defendants deny the truth of the allegations contained in ¶ 24 of the Complaint.

## AS TO "FACTUAL ALLEGATIONS"

## AS TO "DIANA CAROLINA SALAMANCA"

25.     Defendants deny the truth of the allegations contained in ¶ 25 of the Complaint.

26.     Defendants deny the truth of the allegations contained in ¶ 26 of the Complaint.

27.     Defendants deny the truth of the allegations contained in ¶ 27 of the Complaint.

28.     Defendants deny the truth of the allegations contained in ¶ 28 of the Complaint.

29.     Defendants deny the truth of the allegations contained in ¶ 29 of the Complaint.

30.     Defendants deny the truth of the allegations contained in ¶ 30 of the Complaint.

31.     Defendants deny the truth of the allegations contained in ¶ 31 of the Complaint, except admit that Plaintiff Diana Carolina Salamanca was paid at least the minimum wage for all hours worked.

32.     Defendants deny the truth of the allegations contained in ¶ 32 of the Complaint.

33.     Defendants deny the truth of the allegations contained in ¶ 33 of the Complaint.

**AS TO "WILFREDO GUTIERREZ"**

34. Defendants deny the truth of the allegations contained in ¶ 34 of the Complaint.

35. Defendants deny the truth of the allegations contained in ¶ 35 of the Complaint.

36. Defendants deny the truth of the allegations contained in ¶ 36 of the Complaint.

37. Defendants deny the truth of the allegations contained in ¶ 37 of the Complaint.

38. Defendants deny the truth of the allegations contained in ¶ 38 of the Complaint.

39. Defendants deny the truth of the allegations contained in ¶ 39 of the Complaint.

40. Defendants deny the truth of the allegations contained in ¶ 40 of the Complaint, except admit that Plaintiff Wilfredo Gutierrez was paid at least the minimum wage for all hours worked.

41. Defendants deny the truth of the allegations contained in ¶ 41 of the Complaint.

**AS TO "LUIS GUADARRAMA"**

42. Defendants deny the truth of the allegations contained in ¶ 42 of the Complaint.

43. Defendants deny the truth of the allegations contained in ¶ 43 of the Complaint.

44. Defendants deny the truth of the allegations contained in ¶ 44 of the Complaint.

45. Defendants deny the truth of the allegations contained in ¶ 45 of the Complaint.

46. Defendants deny the truth of the allegations contained in ¶ 46 of the Complaint.

47. Defendants deny the truth of the allegations contained in ¶ 47 of the Complaint, except admit that Plaintiff Luis Guadarrama was paid at least the minimum wage for all hours worked.

48. Defendants deny the truth of the allegations contained in ¶ 48 of the Complaint.

49. Defendants deny the truth of the allegations contained in ¶ 49 of the Complaint.

50. Defendants deny the truth of the allegations contained in ¶ 50 of the Complaint.

## AS TO "COLLECTIVE ACTION ALLEGATIONS"

51. Defendants admit that Plaintiff makes certain allegations contained in ¶ 51 of the Complaint concerning the basis of their claims but deny that Plaintiffs are entitled to any relief.

52. Defendants admit that Plaintiff makes certain allegations contained in ¶ 52 of the Complaint concerning the basis of their claims but deny that Plaintiffs are entitled to any relief.

53. Defendants deny the truth of the allegations contained in ¶ 53 of the Complaint.

54. Defendants deny the truth of the allegations contained in ¶ 54 of the Complaint.

55. Defendants deny the truth of the allegations contained in ¶ 55 of the Complaint.

56. Defendants deny the truth of the allegations contained in ¶ 56 of the Complaint.

57. Defendants deny the truth of the allegations contained in ¶ 57 of the Complaint.

58. Defendants deny the truth of the allegations contained in ¶ 58 of the Complaint.

59. Defendants deny the truth of the allegations contained in ¶ 59 of the Complaint.

60. Defendants deny the truth of the allegations contained in ¶ 60 of the Complaint.

61. Defendants deny the truth of the allegations contained in ¶ 61 of the Complaint.

62. Defendants deny the truth of the allegations contained in ¶ 62 of the Complaint.

63. Defendants deny the truth of the allegations contained in ¶ 63 of the Complaint.

## AS TO "FIRST CAUSE OF ACTION"
### Overtime Wages Under The Fair Labor Standards Act

64. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

65. Defendants admit that Plaintiff makes certain allegations contained in ¶ 65 of the Complaint concerning the basis of their claims but deny that Plaintiffs are entitled to any relief.

66. ¶ 63 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 63 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

67. ¶ 67 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 67 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

68. Defendants deny the truth of the allegations contained in ¶ 68 of the Complaint.

69. Defendants deny the truth of the allegations contained in ¶ 69 of the Complaint.

70. Defendants deny the truth of the allegations contained in ¶ 70 of the Complaint.

## AS TO "SECOND CAUSE OF ACTION"
**Overtime Wages Under New York Labor Law ("NYLL")**

71. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

72. ¶ 72 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 72 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

73. Defendants deny the truth of the allegations contained in ¶ 73 of the Complaint.

74. Defendants deny the truth of the allegations contained in ¶ 74 of the Complaint.

## AS TO "THIRD CAUSE OF ACTION"
**Minimum Wages Under The Fair Labor Standards Act**

75. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

76. Defendants admit that Plaintiff makes certain allegations contained in ¶ 76 of the Complaint concerning the basis of their claims but deny that Plaintiffs are entitled to any relief.

77. ¶ 77 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 77 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

78. ¶ 78 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 78 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

79. Defendants deny the truth of the allegations contained in ¶ 79 of the Complaint.

80. Defendants deny the truth of the allegations contained in ¶ 80 of the Complaint.

81. Defendants deny the truth of the allegations contained in ¶ 81 of the Complaint.

82. Defendants deny the truth of the allegations contained in ¶ 82 of the Complaint.

### AS TO "FOURTH CAUSE OF ACTION"
**Minimum Wages Under NYLL**

83. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

84. ¶ 84 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 84 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

85. ¶ 85 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 85 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

86. Defendants deny the truth of the allegations contained in ¶ 86 of the Complaint.

87. Defendants deny the truth of the allegations contained in ¶ 87 of the Complaint.

88. Defendants deny the truth of the allegations contained in ¶ 88 of the Complaint.

## AS TO "FIFTH CAUSE OF ACTION"
### Spread of Hours Compensation Under NYLL

89. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

90. Defendants deny the truth of the allegations contained in ¶ 90 of the Complaint.

91. Defendants deny the truth of the allegations contained in ¶ 91 of the Complaint.

## AS TO "SIXTH CAUSE OF ACTION"
### Violation of the Notice and Recordkeeping Requirements of the NYLL

92. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

93. Defendants deny the truth of the allegations contained in ¶ 93 of the Complaint.

94. Defendants deny the truth of the allegations contained in ¶ 94 of the Complaint.

## AS TO "SEVENTH CAUSE OF ACTION"
### Violation of the Wage Statement Requirements of the NYLL

95. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

96. Defendants deny the truth of the allegations contained in ¶ 96 of the Complaint.

97. Defendants deny the truth of the allegations contained in ¶ 97 of the Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

98. Plaintiffs' claims, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

99. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

100. Plaintiffs have been paid all monies owed to them.

### FOURTH AFFIRMATIVE DEFENSE

101. Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiffs, if it is determined that such monies are owed, Plaintiffs cannot establish that any alleged violation of the FLSA was willful and, thus, cannot establish entitlement to a three-year statute of limitations with respect to their claims.

### FIFTH AFFIRMATIVE DEFENSE

102. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, unclean hands, and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

103. This action is barred, in whole or in part, as to all or some of the hours allegedly worked by Plaintiffs that were not reported in accordance with any applicable policies or procedures.

### SEVENTH AFFIRMATIVE DEFENSE

104. Plaintiffs are not entitled to liquidated damages pursuant to the NYLL and/or the FLSA because at all times Defendants acted in good faith and had reasonable grounds for believing that their acts and/or omissions were not a violation.

### EIGHTH AFFIRMATIVE DEFENSE

105. Defendants' actions regarding payroll practices and compliance with the NYLL and/or the FLSA were in good faith and Defendants had reasonable grounds for believing their actions were in compliance with the NYLL and/or the FLSA.

### NINTH AFFIRMATIVE DEFENSE

106. Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, Plaintiffs are not entitled to liquidated damages because Defendants' actions with respect to the method of paying Plaintiffs was taken in good faith.

### TENTH AFFIRMATIVE DEFENSE

107. This action is barred, in whole or in part, as to all or some of the hours allegedly worked of which Defendants lack actual or constructive knowledge.

### ELEVENTH AFFIRMATIVE DEFENSE

108. There is no violation under NYLL § 195 because Plaintiffs were paid all alleged wages owed to them.

### TWELFTH AFFIRMATIVE DEFENSE

109. Defendants have met and satisfied any and all obligations to Plaintiffs and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

### THIRTEENTH AFFIRMATIVE DEFENSE

110. There is no private cause of action under NYLL § 195, and even assuming *arguendo* that there is, Plaintiffs are not entitled to any relief thereunder since they were paid all wages owed to them.

### FOURTEENTH AFFIRMATIVE DEFENSE

111. Plaintiffs' claims are unable to be brought as a collective action.

### FIFTEENTH AFFIRMATIVE DEFENSE

112. Plaintiffs' claims for damages are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

113. Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiffs, if it is determined that such monies are owed, then Defendants assert that at all times relevant to this action a reasonable good faith dispute existed as to whether such wages or other amounts were owed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

114. The allegations of the Complaint are insufficient to entitle Plaintiffs to punitive damages. Defendants' conduct was not willful, wanton and/or egregious and punitive damages are not available on Plaintiffs' FLSA and State Labor Law claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

115. The allegations of the Complaint are insufficient to entitle Plaintiffs to an award of attorneys' fees.

## NINETEENTH AFFIRMATIVE DEFENSE

116. The causes of action herein have been waived and/or are barred by reason of the Plaintiffs' failure to give proper and timely notice to the Defendants of their claims.

## TWENTIETH AFFIRMATIVE DEFENSE

117. Plaintiffs were not employed by each and every Defendant, for some or all of the relevant period.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

118. Any claim for additional compensation by Plaintiffs must be reduced by compensation already paid to Plaintiff for periods not compensable under the FLSA and the NYLL.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

119. If Plaintiffs succeed in establishing any violation under the FLSA or the NYLL, and to the extent any sums are found due and owing to Plaintiffs, which is expressly denied, Defendants are entitled to a set-off against said sum to the extend paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs over and above his wages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

120. Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA and/or NYLL.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

121. Plaintiffs' claims are barred to the extent they petitioned for bankruptcy either under Chapter 7 or Chapter 13 of the United States Bankruptcy Code yet failed to disclose potential claims against Defendants as required under applicable bankruptcy laws.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

122. Plaintiffs worked for another entity, business, or company other than Defendants during all or part of the time that Plaintiffs claim to have worked for Defendants.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

123. Defendants reserve the right pending completion of discovery to assert any additional defenses that may exist.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

124. Plaintiffs are not similarly situated to each other.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

125. Plaintiffs are not similarly situated to the potential collective action members.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

126. The claims or defenses of the parties are not typical of the claims or defenses of the potential collective action members.

### THIRTIETH AFFIRMATIVE DEFENSE

127. The interests of the potential class will not be fairly and adequately protected.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

128. Plaintiffs, acting independently or in concert with one another, violated their respective duty of loyalty to Defendants as employees and must thus be disgorged of their wages.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### DEFENDANTS DEMAND TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all questions of fact raised in this case.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint together with costs and disbursements of this action.

Dated: Forest Hills, New York
March 18, 2021

**SHALOM LAW, PLLC**

__/s/ Jonathan Shalom, Esq._____
Jonathan Shalom, Esq.
10513 Metropolitan Avenue
Forest Hills, NY 11375
(718) 971-9474 (office)
(718) 865-0943 (facsimile)
jonathan@shalomlawny.com

*Attorneys for Defendants*

To:

**HELEN F. DALTON & ASSOCIATES, P.C.**
Roman Avshalumov, Esq.
James O'Donnell, Esq.
8002 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Tel: (718) 263-9591
Fax: (718) 263-9598
avshalumovr@yahoo.com
jamespodonnell86@gmail.com